## SCHUEHLER v STATE OF FLORIDA
### Case No. 90-0007 AC (A) 02
Fifteenth Judicial Circuit, Palm Beach County
December 9, 1991

### APPEARANCES OF COUNSEL

**Richard L. Jorandby,** Public Defender, and **Cherry Grant,** Assistant Public Defender, for appellant.

**David H. Bludworth,** State Attorney, and **Robert S. Jaegers,** Assistant State Attorney, for appellee.

Before COLBATH, STEWART, MOUNTS, JJ.

## OPINION OF THE COURT

PER CURIAM.

This case presents the question of when the right to counsel and *Miranda* warnings attach in a DUI case. Prior to trial Appellant, John Schuehler, filed a motion in limine to exclude the audio portion of a videotape where he alleged the arresting officer made homosexual advances toward him. The motion was denied.

On December 13, 1988, John Schuehler was cited for driving under the influence. Officer Scott Francis of the Delray Beach Police Department was on road patrol when he observed Appellant travel in excess of the speed limit and run a red light. Officer Francis testified that upon being stopped Appellant stumbled out of his car. Appellant's face was flushed, his eyes were watery and bloodshot, his speech was slurred, and he had a strong odor of alcoholic beverage on his breath. Mr. Schuehler refused to perform any roadside sobriety tests. He was taken into custody, charged with driving under the influence and transported to the Delray Beach Police Station for videotaping.

During the videotape proceedings Schuehler repeatedly asked for a lawyer. His requests were either ignored or he was told he did not have that right yet. The videotape was shown to the jury but the audio was turned off during specific portions.

The trial court's ruling on the videotape evidence was as follows:

. . . the sound will have to be killed at counter number 83 and it can go back on at counter number 88 where it starts out, "He made homosexual advances toward me".

It should go off again at counter 101. The sound can come back up again at counter number 167 and go off again at counter number 184. It should be concluded at that point at 184. You get into interrogation again after that and he is silent, which is his comment on his right to remain silent. From 167 to 184 he is simply making a speech as to what he thinks.

The panel has viewed the tape on two different machines and cannot reconcile the counter numbers enumerated by the trial court as the same counter numbers that appeared on either machine on review. That is, during each showing of the videotape the exact words that were spoken at the indicated counter numbers varied somewhat de-

pending on the machine that was being used. An attempt to locate the same machine used by the trial court was unsuccessful.

For example, when the audio was to be turned off at counter number 101 the time shown on the screen varied between 2:44:08 and 2:44:12. When the audio was to be turned back on at counter number 167 the screen time varied between 2:47:26 and 2:47:30. When the audio was to be turned off again at counter number 184 the screen time varied between 2:48:15 and 2:48:21. (There was no such problem with the off and on directions for counter numbers 83 and 88 as silence preceded and followed both numbers.) For purposes of appellate review it would be of great assistance if the hour, minute, and second numbers that appear on the screen be specifically cited.

The video began at 2:39:12 and defendant first asked for a lawyer at 2:40:03. He again asked for a lawyer at 2:40:05, 2:40:10, 2:40:22, 2:41:39, 2:42:40, and 2:42:41 and 2:44:11. A total of eight times. The question that needs to be addressed is at what point during these eight requests for an attorney did custodial interrogation begin.

The tape starts with the video operator, Officer Smith, stating the day, time and case number, and asking Officer Francis preliminary questions. At 2:39:57 Mr. Schuehler blurted out, "Mr. Francis made homosexual advances towards me. . ." He repeats that allegation at 2:40:14 and 2:41:29. Other pertinent statements or questions and their corresponding times are as follows:

| | |
|---|---|
| Officer Smith: | . . . I will be demonstrating to you a series of simple physical performance tests that I will be asking you to perform. Are you willing to attempt these tests? |
| 2:40:12 Appellant: | O.K. I'm sorry I will not. |
| 2:41:38 Appellant: | I refuse the breathalyzer test. I need a lawyer. |
| Officer Francis: | . . . Before I ask you to take this breath-alyzer test I must advise you of the following . . . |

Audio Off/On

| | |
|---|---|
| 2:43:47 Officer Francis: | Are you willing to take the test? |

| 2:43:48 Appellant: | No sir. |
| 2:44:00 Officer Smith: | Why are you refusing to take this test? |
| Appellant: | Because I can't read. |
| | Audio Off/On |
| Officer Smith: | If at any time during the interview you do not wish to answer any questions you are privileged to remain silent. Do you understand? |
| 2:47:39 Appellant: | I take that right right now. |
| Officer Smith: | I can make no threats or promises to induce you to make a statement. This must be of your own free will. Do you understand? — Do you understand the statement I just told you? — Yes, No? . . . |

Audio Off

We find that once John Schuehler refused the physical performance tests (at 2:40:42) and then the breathalyzer test (at 2:41:38) and asked for a lawyer (at 2:41:39) the audio portion of the videotape should have been stopped. Mr. Schuehler asked for a lawyer four times previous to this but he clearly refused the breathalyzer and demanded a lawyer at 2:41:39. Thus, the audio should have been stopped at 2:41:39 and any portion the jury heard thereafter was error.

We further find Officer Smith's query asking why Schuehler refused to take the breathalyzer test was unnecessary and indicative of interrogation.

Finally, Appellant asserts that his comments about the officer's homosexual advances were highly prejudicial and should have been excluded. We find these utterances were voluntary. Further, although the statements made before 2:41:39 may be testimonial in nature, because they were voluntary and not elicited in response to custodial interrogation, they do not warrant suppression. *See Pennsylvania v Muniz,* — U.S. —, 110 S.Ct. 2638, 2644, 2651, 110 L.Ed.2d 528 (1990).

REVERSED AND REMANDED with directions.

COLBATH, STEWART and MOUNTS JJ., concur.